UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| YOW MING YEH, | ) | Case No.: 1:13-cv-00335 AWI GSA HC |
| Petitioner, | ) ) | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO |
| v. | ) ) | DISMISS |
| M. HAMILTON, | ) ) | [Doc. #17] |
| Respondent. | ) ) ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections at the Kern Valley State Prison. He challenges a prison disciplinary hearing held at Folsom State Prison on May 31, 2007, wherein he was found guilty of possessing an inmate-manufactured weapon and assessed a 360-day loss of time credits. (See Petition at 1.) Petitioner administratively appealed the decision; however, he withdrew his appeal on June 22, 2007. (See Petition at 10.) He attempted to resubmit his appeal, but it was denied on August 24, 2007, as duplicative. (See Petition at 8.)

Petitioner filed several collateral challenges in the state courts. On January 18, 2011, he filed a petition for writ of habeas corpus in the Sacramento County Superior Court. (See

1  Resp't's Mot. Dismiss, Ex. B.)  The superior court denied the petition on February 28, 2011, as
2  untimely and for failure to exhaust administrative remedies.  (See Resp't's Mot. Dismiss, Ex. C.)
3  Petitioner then filed a petition for writ of habeas corpus in the California Court of Appeals, Third
4  Appellate District, on March 21, 2011.  (See Resp't's Mot. Dismiss, Ex. D.)  The petition was
5  summarily denied on March 27, 2011.  (See Resp't's Mot. Dismiss, Ex. E.)  On May 4, 2011,
6  Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (See
7  Resp't's Mot. Dismiss, Ex. F.)  The petition was denied on September 28, 2011, with citation to
8  In re Robbins, 18 Cal.4th 770, 780 (1998), and In re Dexter, 25 Cal.3d 921, 925-26 (1979).  (See
9  Resp't's Mot. Dismiss, Ex. G.)
10       On February 11, 2013, Petitioner filed the instant petition for writ of habeas corpus in this
11  Court.  Respondent filed a motion to dismiss the petition on May 13, 2013, for violating the
12  statute of limitations and for procedural default.  Petitioner did not file an opposition.

## DISCUSSION

I.  Procedural Grounds for Motion to Dismiss

   Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition . . . that the petitioner is not entitled to relief." See also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).

   The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

   In this case, Respondent's motion to dismiss is based on procedural default and violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period.  Accordingly, the Court will review

1  Respondent's motion to dismiss pursuant to its authority under Rule 4.

2  II. Exhaustion and Procedural Default

Respondent argues that Petitioner has procedurally defaulted on his claims because he has failed to exhaust his state administrative remedies.  A petitioner who is in state custody proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

In this case, the court finds that Petitioner has failed to exhaust his state remedies.  As noted above, the California Supreme Court denied Petitioner's state habeas petition with citations to In re Robbins, 18 Cal.4th 770, 780 (1998), and In re Dexter, 25 Cal.3d 921, 925-26 (1979). (See Resp't's Mot. Dismiss, Ex. G.)  The citation to Robbins signifies the petition was denied as untimely.  The citation to In re Dexter signifies that the court did not reach the merits of Petitioner's claims because he failed to exhaust his available administrative remedies.  In citing to Robbins and Dexter, the California Supreme Court found the petition to be procedurally deficient; therefore, the Court did not reach the merits of the petition but determined habeas relief was procedurally foreclosed.  Therefore, the petition is unexhausted.  See Harris v. Superior Court, 500 F.2d 1124, 1128 (9th Cir.1974) (en banc) ("If the denial of the habeas corpus petition includes a citation of an authority which indicates that the petition was procedurally deficient or if the California Supreme Court so states explicitly, then the available

state remedies have not been exhausted as the California Supreme Court has not been given the required fair opportunity to correct the constitutional violation."); see, e.g., Johnson v. Harrington, No. 1:11–cv–00207–AWI DLB HC, 2011 WL 1807219 at *2 (E.D.Cal. May 11, 2011) (Petitioner failed to exhaust his claims because the California Supreme Court did not reach the merits of the claims, but instead denied the habeas petition for failure to exhaust administrative remedies); Gaston v. Harrington, No. 1:09–CV–01025 OWW GSA HC, 2009 WL 3627931 at *2 (E.D.Cal. Oct. 29, 2009) (federal habeas petition is unexhausted because the California Supreme Court declined to review the petition on the merits because petitioner had not exhausted his administrative remedies).

The Supreme Court has held that a federal court will not review claims in a petition for writ of habeas corpus if the state court has denied relief on those claims on a state law ground that is independent of federal law and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 750 (1991). "The state-law ground may be a substantive rule dispositive of the case, or a procedural barrier to the adjudication of the claim on the merits." Walker v. Martin, --- U.S. ---, 131 S.Ct. 1120, 1127, 179 L.Ed.2d 62 (2011). This doctrine of procedural default is based on concerns of comity and federalism. Coleman, 501 U.S. at 730-32.

California's administrative exhaustion rule is based solely on state law and is therefore independent of federal law. See Carter v. Giurbino, 385 F.3d 1194, 1197-98 (9th Cir.2004) ("A state ground is independent only if it is not interwoven with federal law."); Cal.Code Regs. tit. 15, § 3084.1(a) (prisoners may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare."). California's administrative exhaustion rule has also been firmly established and regularly followed since 1941 and is therefore adequate to support a judgment. See In re Muszalski, 52 Cal.App.3d 500, 503, 125 Cal.Rptr. 286 (1975) ("It is well settled as a general proposition that a litigant will not be afforded relief in the courts unless and until he has exhausted available administrative remedies."); Abelleira v. District Court of Appeal, 17 Cal.2d 280, 292, 109 P.2d 942 (1941) ("the rule is that where an administrative remedy is provided by statute, relief must be sought from the administrative body

and this remedy exhausted before the courts will act.").

In this case, the court finds that Petitioner's claims are procedurally barred. See Carter, 385 F.3d at 1197 (one-sentence summary denial of petition incorporating unelaborated case citation sufficient for procedural default); Bennett v. Mueller, 322 F.3d 573, 580 (9th Cir.2003) (procedural bar still applies even if the state court based its denial on alternative grounds as long as at least one of them was an adequate and independent procedural ground).  Petitioner may overcome a procedural default by demonstrating cause for the default and actual prejudice, however, he has advanced no such arguments.  See Bennett, 322 F.3d at 580.  Petitioner also has not demonstrated that this court's failure to consider his claims for federal habeas relief will result in a fundamental miscarriage of justice.  Id.  Accordingly, Respondent's motion to dismiss should be granted on the ground that the petition is procedurally barred.

III. Limitation Period for Filing a Petition for Writ of Habeas Corpus

Respondent also contends that the petition is untimely.  On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc).

In this case, the petition was filed on February 11, 2013, and therefore, it is subject to the provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on

       collateral review; or

       (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In a situation such as this where the petitioner is challenging a prison disciplinary action, the Ninth Circuit has held that direct review is concluded and the statute of limitations commences when the final administrative appeal is denied. Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir.2003) (holding that the Board of Prison Term's denial of an inmate's administrative appeal was the "factual predicate" of the inmate's claim that triggered the commencement of the limitations period). Here, Petitioner filed an administrative appeal but then withdrew it. Thereafter, he attempted to resubmit it but it was denied as duplicative. Therefore, the limitations period commenced on August 25, 2007, the day after Petitioner was informed that his administrative appeal had been rejected. Under Section 2244(d)(1)(D), Petitioner had one year until August 24, 2008, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. Petitioner did not file his federal petition until February 11, 2013, which was well over four years after the limitations period had expired.

      A. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

In this case, although Petitioner filed three post-conviction collateral challenges, none of

them served to toll the limitations period.  The first petition was not filed until January 18, 2011, which was over two years after the limitations period had expired.  Because the limitations period had already expired, the collateral challenge had no tolling consequence.  Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling where the limitations period has already run).

For the foregoing reasons, the instant petition is untimely.

B. Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998) (citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996)).  Petitioner bears the burden of alleging facts that would give rise to tolling.  Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).  In this case, the Court finds equitable tolling to be unwarranted.  Therefore, the petition remains untimely.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED with prejudice on grounds of procedural default and violation of the limitations period.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within fourteen (14) court

days after service of the Objections.  The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 16, 2013**                        **/s/ Gary S. Austin**
                                                                     UNITED STATES MAGISTRATE JUDGE